**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIO AMADOR JIMENEZ;
MARGARITA HERNANDEZ DE
AMADOR,

          Petitioners,

  v.

WILLIAM P. BARR, Attorney General,

          Respondent.

Nos.  17-71317
        18-70413

Agency Nos.   A075-750-239
             A075-750-240

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

In these consolidated petitions for review, Julio Amador Jimenez and

Margarita Hernandez de Amador, natives and citizens of Mexico, petition for

review of the Board of Immigration Appeals' ("BIA") orders denying their

motions to reopen and reconsider. Our jurisdiction is governed by 8 U.S.C.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reconsider or reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). In 17-71317, we deny in part and dismiss in part the petition for review. In 18-70413, we deny the petition for review.

Petitioners do not raise, and therefore waive, any challenge to the BIA's dispositive determination that their motion to reopen and reconsider was time- and number-barred. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

We lack jurisdiction to review the BIA's determination not to reopen proceedings sua sponte where petitioners do not raise a legal or constitutional error underlying the BIA's denial. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

The BIA did not abuse its discretion in denying petitioners' second motion to reconsider because petitioners did not identify any error of fact or law in the underlying denial of their motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1) (requiring

identification of factual or legal error in the prior decision).

No. 17-71317:  **PETITION FOR REVIEW DENIED in part;**

**DISMISSED in part.**

No. 18-70413:  **PETITION FOR REVIEW DENIED.**